The next case for argument this morning, 1931-24, Minnesota, Nicole Smith v. Stewart, Zlimen & Jungers, and 1931-28, Minnesota, Jeronda Washington v. Stewart, Zlimen & Jungers. Okay, Mr. Schriever. Thank you, Your Honor. May it please the Court, I represent both appellants in a consolidated appeal. This is an appeal from an order granting a motion to dismiss, and I think it's important to emphasize procedurally where we are. This is not a summary judgment. This is not a trial. It's a motion to dismiss, which is a test of the pleadings. In our appellate brief, we identify a number of errors made by the district court. There are three of them, which the respondents do not dispute. They do not dispute the error by the district court that bad faith be required for a literally false statement. That appears on page 29-31 of our opening brief, and as we note on page 11 of our reply, not addressed by them. They don't dispute the district court's error that allegations in the complaint were conclusory and could be ignored, citing a fraud statute. The FDCPA is not a fraud statute. That's addressed in pages 31-33 of our opening brief. As we note in page 16 of our reply, not addressed by them. Number three, they don't address the fact that the district court improperly added unfair and unconscionable to a 1692F1 claim, which is the subsection claim. That appears on page 40-41 of our brief, and as noted in page 21 of our reply, not addressed by them. But this is a de novo appeal. Both parties agree that's the standard. So it's not simply a question of what did the district court got wrong. It got things wrong. And I know that this court, in its independent review, is not going to make the mistakes that the district court made. So the question is, under Twombly, have we stated enough facts to state a claim for relief that is plausible on its face? That's the test. And because it's respondent's motion to dismiss, now being heard with this court, they actually have the burden of persuasion. It's their motion to convince the court that we have not met the Twombly standard. The complaints appear in the appendix, and there are two of them. The Smith complaint appears starting at page 1, and the Washington complaint appears starting at page 34. There's one additional paragraph which changes the numbering. I'm going to refer to the Smith, but for the purposes of this appeal, there isn't any difference between what's applied in the two complaints. There are two separate FDCPA claims that are alleged in those complaints. Either one of them, having enough facts to state a cause of action, plausible on its face, would require reversal of the district court opinion. I'm actually going to start with the second one because I think it's easier and shorter to address, and that will save my remaining time to address the first one. The second one is the allegation under 1692 F1 that the respondents violated F1 because they failed to comply with a court order setting forth the substantive evidence that they must possess and present in order to seek judgment against a consumer. We allege both they failed to possess and that they failed to present that evidence to the court at the underlying conciliation court case. Those are on paragraph. Why is that not just sort of an evidentiary rule, sort of like the rules of evidence, what comes in, what comes out? Why isn't that just that procedural that doesn't really get at the merits of a particular claim? It's not a question of what's admissible. It's actually a separate rule that was adopted by the Ramsey County saying you must have this or you cannot seek judgment against a consumer. Does Ramsey County require more than, I suppose, your average court in that? Is it a different standard than other courts apply? It is in the sense that Hennepin County, where Minneapolis is, doesn't have a similar standing order. So your theory, so according to you, then whether or not debt would be collectible under law would be different in St. Paul than it would be in Minneapolis. At the time of this complaint, yes. The Ramsey County Court adopted specific requirements. Those requirements, just so the court is aware, came from a provision that was adopted by the state legislature that debt will default cases. Ramsey County took that default evidentiary burden and they applied it not just to defaults but to any case seeking judgment. And as pled in the complaint, the respondents in this case did not possess that evidence and they did not present that evidence to the court when they sought judgment. What if they had presented that? They brought that with them and they presented it and then the court said, just as a ruling, that's insufficient. In other words, they bring it. So the two steps that you're saying didn't happen here did happen. But for some reason, they just weren't sufficient for purposes of proving the acquisition or transfer of the debt or whatever the substantive matter would be. That would be the Hemmings and Hill situation where simply because they lost, it wouldn't make an FTCPA claim. What's different about this case, as you pointed out, is and we specifically pleaded, they didn't possess it and they didn't present it. It wasn't simply a question of the loss of the case. What respondents try and do is they take our square claim and they try to push it into two round holes. The first round hole they try to push it into, as you alluded to, is the one that says only because we wanted the conciliation court do we have a claim. That's not true. In fact, I would argue it doesn't matter what the conciliation court ruled. The question is, did they possess it and did they present it? And that issue is decided in the federal district court case, not at the conciliation court case. Now, it turns out we actually prevail and the conciliation court actually held they failed to meet the standard. That's not the basis for our claim, but that's a thumb on the scale of plausibility because you have a court that said they don't have the evidence they're required to have. And they admitted at the hearing they didn't have any other evidence. The other round hole, which they keep trying to push our square complaint through, is this theory of a per se violation. That every action that affects a collector, we're trying to turn into an FDCPA violation. That's not our argument either. This is not the three courtesy copies versus two courtesy copies argument. This is a specific rule that says you may not seek judgment against a consumer unless you possess it and you present it. And the reason why it's a separate FDCPA violation, in addition to be a violation of the law, is because they could not have sought to recover any money because they did not possess or present the evidence. They then argue two other arguments. One is that it doesn't apply to conciliation court. That's just wrong on its face. It says it applies to all litigants in that district. The district court recognizes that on page four in the consolidated addendum. They then argue that it's inconsistent with rule 512. That's also false. Nothing in rule 512 says that the court can't say in this particular instance you must possess and present the evidence. That is a violation under F1. The final argument is it's not law. It's just procedural. But we know from Jones v. Sun and ironically from Klein versus SCJ, the same respondents from the district court of Minnesota, they have the force of law as a court order and therefore have the same effect in being a viable F1 claim. That's enough to reverse the district court. Now the other argument, the other basis of the claim has to do with disbursements. And what the language of their complaint in the conciliation court said was that the defendants, the appellants here, owe X amount of money plus X amount of service fees for a total of X plus disbursement. Because, and they list a whole bunch of reasons, but those reasons have nothing to do with disbursements. Counsel, let me interrupt you. On your first argument, you rely on the Minnesota rules. I get it. The local rule of the Ramsey County Court. But on this one, there's a Minnesota rule that says you waive any claim for disbursement if they're not claimed at the very outset, right? Isn't that what rule 505 says? Go ahead. That is not what the rule says, Your Honor. Tell me what rule 505 says. It is not true in conciliation court that you have to specifically plead, or more importantly, it is not true that you must make a false statement in order to recover. Counsel, simple question. Does 505 apply to conciliation court? General rule of practice 505 does apply to conciliation court. Okay, well, doesn't it say it's waived if it's not claimed affirmatively? Tell me what I'm missing. You can make that claim at the hearing if you have actually incurred some disbursements. That's the correct procedure. And the rule that allows the court to add disbursements to the judgment would allow you to come to the hearing not having made a false statement but actually incurred some disbursements. Or, conversely, if the amount is over $2,500, you know you're going to have to serve. Okay, Counselor, if they had put in – you're not going to like this – but if they had put in a prayer for relief, disbursements, parentheses, if any, unparentheses, it would have been okay, right? Yes. I agree. That would have stopped this situation. Okay. The Sixth Circuit, and I understand it's the Sixth Circuit, in Stratton addressed an almost factually identifiable case on a motion to dismiss. The only difference is the word interest as opposed to the word disbursements. Paragraph one of the state court conciliation claims is not a prayer for relief. It's the substantive basis required by the rules for them to plead. It's not in the statements. Finally, they argue materiality. Under Coyne v. Midland, this court's decision, it's satisfied because we're pleading a subsection violation. I'm two sentences behind you. I don't think you're into rebuttal, but I'm two sentences behind you. And tell me why the Stratton case isn't really bad for you because it says a simple request for cost in an unstated amount, not a false representation, does violate. Tell me why that isn't really against you. No, what the court in Stratton held was they had a viable claim because what they alleged in the complaint, not in the prayer for relief in that case, was that they owed interest in the amount of 8%. How does he agree about costs? I was reading you their holding on costs. I think I'm reading a quotation from the case, and that sounds to me a little more like disbursements. I know they're not the same, but it sounds a little more. So tell me why that sentence from Stratton. What do you do with that sentence? That's the question. That statement isn't part of the complaint. That's not what was the basis of the false statement alleged in the case. The false statement alleged in the case was that they owed a certain amount of money plus interest, not if awarded, not if owed, but they owe it. And the Stratton court held— Are you saying the sentence I quoted is disdict in the case? Well, it's not the part of the case that deals with whether or not they sufficiently pled a false statement under the provisions of the FDCPA that we pled in this case. And I understand I'm deep into my rebuttal time. Okay, good. Well, save it. It's your call. Save it. Thank you, Your Honor. Sure. Thank you. Mr. Arthur. Certainly, Your Honors. Good morning. May it please the court, appellant's counsel started with the standing order, so I will as well. In both the complaint and in the briefs, the appellants made clear that evidence was presented in terms of the assignment. The Ramsey County standing order demands that a creditor plaintiff bring evidence tracking the chain of title from the original creditor to the debt purchaser. The complaint alleges that the evidence was insufficient. He calls it a redacted computer printout. This was evidence that we continue to stand behind, therefore trying to comply with the Ramsey County standing order. Judge Kelly was correct. You're correct when you mentioned that this is an evidentiary decision. In this case, our evidence was presented. The conciliation court referee reviewed the evidence and found it inadmissible or insufficient. Counsel, is it worded like evidence? Do you have the words there? I don't. I'm sorry. But is it worded like evidence? Or is it worded like something you've got to do, like you may know in many states, you've got to get a physician's affidavit before you can sue for malpractice? It says you must possess. Is it worded that way, that you've got to have that or die before you start? It says you must possess at the hearing admissible evidence. It says at the hearing. Well, it says admissible evidence, but I would argue whether it says at the hearing or not, and I can look that up, the determination of admissibility would only be made at the hearing itself. I assume conciliation court doesn't require formal pleadings. Am I wrong? That is correct. Some sort of written pleading is required, but under the statute creating conciliation court, it's supposed to be an informal, conversational style of court. So in this case, we did present evidence, and the evidence was reviewed, and we lost on the merits because of the failing of the evidence. That makes this Hemingson, while Hemingson was at summary judgment, the issue at Hemingson was an FDCPA claim arising from the idea the claim was not adequately supported. That was the case here. The conciliation court referee found our claim inadequately supported.  Again, in Hill, you have accounts receivable services with a assignment coming into conciliation court. Appellant, same counsel, through his great experience, argued against it and got that evidence ruled insufficient. And so the Hill plaintiffs lost a conciliation court, and the FDCPA claim arose, this court saying that that loss on the merits does not arise to a material violation. Why wouldn't that at least be one step toward proving a violation? In other words, at least at a motion to dismiss. It's like, look, they came into conciliation court, and they didn't have the basic requirements for even bringing the case. At 12B6, we're alleging that they just weren't permitted under law to bring this at all. Maybe it went on summary judgment, but why a motion to dismiss? Because the only evidence the appellants are able to offer showing that we did not possess admissible evidence is the loss on the merits. The loss stemming from the non-admission of that evidence. The appellants' counsel cites decline versus our firm. That's a different fact, but closer to what you're talking about. The attorney general agreement, which was the underlying procedural issue as opposed to the standing order, required that a lawsuit information sheet be attached to any summons and complaint. In that case, Stewart did not include the information sheet whatsoever. There was a complete lack of inclusion. In this case, we did present evidence. It's simply that the conciliation court found the evidence to be lacking. Counsel, I can't resist asking, were you the counsel in this case? I was not there at conciliation court. It was a former person. Yes or no is sufficient. No is the answer. Go ahead. Now, in terms of disbursements, what's happening here is the appellants' counsel are trying to conflate two separate concepts. The idea that we could not possibly have incurred disbursements versus the idea that we did not incur disbursements. We did not incur any in this case, but it doesn't mean any aren't awardable in conciliation court. Rule 516 of the Minnesota Rules of General Practice allow for conciliation plaintiffs to tax any costs that are also taxable in district court. The complaint argues two things. One, that we never intended to collect disbursements, which is speculative under Twombly, and also that, again, no disbursements could have been incurred. In Minnesota, does disbursements mean more than costs? Is it more expansive than straightforward costs, or is it equivalent? It's somewhat equivalent. We would define it as not set fees. There is no set definition under Minnesota law. Under the statute, which allows for the collection of disbursements in district court, it simply says, I believe, costs incurred during the litigation of the action. As Judge Benton pointed out, 508B under the general rules of practice require a conciliation statement of claim and summons to put the defendant on notice that should they fail to appear, they may be liable for any damages plus fees, expenses, and other items provided by statute, requiring us to plead disbursements should any be incurred. We don't know at the time an action is filed if there will be any disbursements. We can't know. It's quite common, for example, in Ramsey County to show up at the day of the hearing and be told that there was a service issue, service normally being done by the court, first-class mail, and that we now have to follow up with personal service. Counsel, can you tell me what the verb was before disbursements in your pleading? You had some kind of a pleading. It says the defendant owes the balance, whatever that amount is, plus a filing fee, which then lists the filing fee, plus disbursements because. Okay. Of course, you don't have if any in there, of course, right? We do not have if any. How can you read if any into what you wrote? I would read it as a whereas statement in the same way that Haney has a whereas statement in its prayer for relief in that it is an aspirational request, used the Stratton language, a good faith request aimed at the court, not to the defendant. If the court looks at our statement of claims and summons later on with the date and time of the hearing, the defendant is referred to directly by you, as opposed to the beginning, which is a start of the case summation of our argument saying the defendant's going to owe this amount of money plus disbursements because. Stratton is actually perfect for this matter, because in the Stratton case where they talked about an aspirational request, the Sixth Circuit differentiated between that case where a specific percentage of interest was requested, where the original creditor had waived interest, versus a hypothetical case where, which would not have been an FDCPA violation, where a request was made for whatever interest the court chooses to award. In this case, we're not claiming any specific disbursements that are unawardable. The original creditors never waived disbursements. We're simply including it for notice requirements. I would add to— Counsel, in the Stratton case is the sentence about cost, the simple request for cost. I read it to your opponent. Is that dicta? I don't believe so. I think it's strong examples of what would be an aspirational request and guidance for courts using that decision. And you know what I mean by dicta? Were they ruling about cost in the case? That's what I'm trying to say. No, they were not ruling about cost in the case. I think it may be dicta. Well, what I would say is what is not dicta, but a good guiding set of examples, is in Haney when it lists possible requests and a prayer that would not be actionable, it includes attorney's fees. Well, obviously, attorney's fees may not end up getting awarded. But in Haney, this court said that a request for attorney's fees is obviously aimed at the court because of the discretionary nature of that award. And therefore— It's got to be good faith, though, right? I notice Haney, about every time it talks, says a good faith request, a good faith position, a good faith. So it has to be good faith, right? Yes, sir. And I think in that case, what good faith would mean would be it's possible. The brief for the appellants refers to two cases, Schultz and to Lox, both of which the court notes in those cases that under no set of circumstances could threatened reporting occur. Or under no circumstances could something occur. In this case, as we understand from Rule 516, it is possible that disbursements could have been awarded. Our firm could have walked in that day, and instead of appellants' counsel being there, there could have been a service issue, and we would have incurred extra disbursements. We don't know. I think it would have been a bad faith claim had we claimed disbursements that by their nature were somehow unawardable. If I was trying to get my lunch comp. But in this case, we were simply requesting disbursements and incurred none. And as we point out in our brief, we think that creates an immateriality because we didn't incur any disbursements that we actually requested. Is there anything further, Your Honor? Judge Shepard, anything further? Judge Kelly, anything further? No. Does that conclude your argument, Mr. Arthur? It concludes my argument, sir. Okay. Thank you very much. Mr. Schriebert, we're back to you. On December 10th of 2018, when the respondents filed these complaints, and they appear, the full complaint, both of them appear in the appendix, they did not have any basis to claim disbursements. You just heard it. It's been admitted to that by them before. They didn't know if it was ever going to happen or not. They didn't have a basement at that point. No disbursements had been incurred. We also know that when the cases end through conciliation court, there never is any disbursements. You heard that. Wait. Never is too strong, counsel, if you read the Minnesota statute and the Minnesota Supreme Court. Is never too strong a statement? In this case, it never happened. Oh, this case. Okay, good. I thought you meant any case, and I thought, goodness gracious. Go ahead. It was always a false and misleading statement. The defendants, the appellant here, never owed disbursements. They didn't owe them on December 10th of 2018 when the false statement was made. They didn't owe them in February of 2019 when the hearing happened. And they admit that over and over again. That is not an immaterial fact. Counsel, question, and I may have missed this earlier, and I apologize if I missed your answer on this. But in looking at these claim forms, these conciliation court claim forms, where would you put, where would the plaintiff insert their prayer for relief? Well, there isn't one of theirs. Typically, it's put at the end, like Haney says, a prayer for relief should be in a complaint. They don't have a separate prayer for relief in their forms. Paragraph number one, which is their attempt to satisfy the requirement to identify the cause and the amount, is not a prayer for relief. It's their false and misleading statement that the defendants, appellants, owe a certain amount of money. So is this a court or a state sanctioned or generated form? Or is this form that we're looking at on these two conciliation court actions, are those generated in their entirety by the plaintiff? In other words, do all conciliation court claim and summons forms look alike? In Ramsey County, the form looks like this, but there's a blank where it says plaintiff's statement of claim. Right, and I'm looking at Appendix 17, which is one of them. The other one is at Appendix, I'm sure I could find it if I looked for it. Right, I'm looking at, I've got both of them. That part is blank, and that's the part they fill in. That's the language this respondent chose to put in there with their number. So would you say there is no blank for the prayer for relief? There isn't a separate spot on the form for you to put a prayer for relief. So if you wanted to include a prayer for relief, it would have to go in that, somewhere in that blank? In that box, yes. One doesn't have. Counsel, is there any other place, and pardon my ignorance of your conciliation court, any other place where you have to say you're under a certain amount or over a certain amount of money? In Missouri you have to say you're under $3,000 or $5,000, depending on what court you're in. Go ahead. The conciliation court has a jurisdictional maximum. Yeah, but do you have to say that? Do you have to say that in these pleadings, or do you just come in and show up? No, no, you do have to state what the amount is, because if your court is- Now, where do you say that? My question is very simple. Where do you say that? Is that- In this form, it would have to go under plaintiff's statement of claim. Okay, thank you very much. Okay, I get it. Missouri, you've got to check a box, or you don't even get to file your fee. Okay, that's your Missouri CLE for me. Thank you. You're up. Okay, Judge Shepard, does that conclude the questioning? Sure, that's all. Judge Kelly, you think further? Nothing further. Okay, good. Thank you very much. Then cases number 19-3124 and 19-3128 are submitted for decision.